Argued July 12, affirmed September 7, 1960

# MURPHY *v.* SOUTHERN PACIFIC COMPANY
### 355 P. 2d 236

*Gordon G. Carlson,* Roseburg, argued the cause for appellant. On the brief were Clifford S. Beckett, Oregon City, and Yates, Murphy & Carlson, Roseburg.

*Nicholas Zumas,* Portland, argued the cause for respondent. With him on the brief were Koerner, Young, McColloch & Dezendorf, Portland.

Before McALLISTER, Chief Justice, and WARNER, O'CONNELL, GOODWIN and MILLARD, Justices.

O'CONNELL, J.

Plaintiff seeks damages for personal injuries resulting from the alleged negligence of the defendant, Southern Pacific Company. The co-defendant, Kappler Lumber Co., was discharged by stipulation at the commencement of the trial. The jury returned a verdict for the plaintiff, which was set aside upon defendant's motion for a judgment notwithstanding the verdict. Plaintiff appeals from this judgment.

Plaintiff was injured when the automobile in

which he was riding drove into the side of a flatcar which was at a highway crossing on Highway No. 213 about five miles north of Molalla. The accident occurred at approximately 10:30 p.m., on November 4, 1954. The automobile was proceeding in a northerly direction; the train was stationary and headed in an easterly direction.

The evidence most favorable to the plaintiff would establish that the accident occurred on a cloudy night. The flatcar was empty. There was no audible warning of the presence of the train at the crossing. The topography was such that the headlights on the automobile in which plaintiff was riding were cast below the side of the flatcar until the automobile was approximately 150 feet from the tracks. An overhead light which had been maintained by the defendant for a number of years was not burning on the night of the accident. Plaintiff had seen the light at least once a week for approximately two and a half years. There was no flagman or signal apparatus at the crossing, and there was nothing on the flatcar which would give warning of its presence.

As one approaches the crossing from the south the highway is slightly downhill. Defendant's evidence would show that the crossing can be seen from this approach approximately 600 feet to the south just after coming over the crest of a hill; that the visibility was good; that audible signals by whistle and bell were given by defendant; that the flatcar was illuminated by the light beam from the rear of the engine; that the driver of the automobile knew that the overhead light was not burning when he was between 300 to 525 feet from the crossing.

The plaintiff contends (1) that there was evidence to go to the jury on the question of the extra-

hazardous nature of the crossing; (2) that even though the crossing was not extrahazardous, the defendant was negligent in failing to maintain the overhead light at the crossing.

The law in this state is firmly established that the presence of a train at a crossing does not create liability upon the railroad company. Stated differently, it must be shown that the crossing was extrahazardous. *Finn et al. v. Spokane, P. & S. Ry. Co.,* 189 Or 126, 214 P2d 354, 218 P2d 720 (1950); *Doty v. Southern Pacific Company,* 186 Or 308, 207 P2d 131 (1949); *Case v. Northern Pacific Terminal Co.,* 176 Or 643, 160 P2d 313 (1945). Leaving out of consideration the absence of the overhead light on the night of the accident, we are unable to find anything in the description of the crossing which would classify it as extrahazardous. The character of the crossing in the case at bar is not essentially different from those which have been held to be non-extrahazardous in our previous cases. *Carlson v. Southern Pacific Company,* 219 Or 77, 346 P2d 387 (1959); *Spencer v. Southern Pacific Company,* 199 Or 246, 260 P2d 956 (1953); *Schukart v. Gerousbeck,* 194 Or 320, 241 P2d 882 (1952).

Plaintiff argues that even assuming that the crossing was not extrahazardous prior to defendant's installation of the overhead light, once the defendant undertook to light the crossing it was its duty to maintain the light or warn those relying upon it of the danger which the maintenance of the light was intended to minimize. The failure to maintain the overhead light did not transform the non-extrahazardous crossing into one that was extrahazardous. If the defendant was negligent in failing to maintain the light, its liability would rest upon its breach of

duty in failing to do what it should have done for the travelers' protection at a crossing which was not extrahazardous. The question remains, then, as to whether the defendant's conduct could be regarded by the jury as negligent. The plaintiff treats the overhead light as a warning device and relies upon those cases which hold that once a railroad provides a warning device, the discontinuance of it may constitute negligence. *Case v. Northern Pacific Terminal Co.*, supra. It seems obvious that the light was not intended to serve as a warning of a present danger upon the tracks; it was designed to keep the area illuminated so that any present danger could be seen more readily.

■ If there is negligence on the part of the defendant, it would have to be found in maintaining a trap by the discontinuance of a condition which others were led to rely upon. The evidence in the present case clearly established that plaintiff and the driver of the automobile in which he rode had traveled over the crossing many times prior to the accident. The overhead light was not necessary to make known to them the presence of the crossing. Since they knew that the crossing was there, it was for them to look for the danger which is inherent in all railroad crossings. If they did not observe whether the light was on or off, its absence would have no causal relation to the accident which followed; if they observed that the light was off, it was their duty to proceed with whatever additional caution the absence of the light demanded. *McNealy v. Portland Traction Company*, 213 Or 659, 327 P2d 410 (1958).

The judgment is affirmed.